O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL ADRIAN VALDEZ, | ) | NO. CV 14-9450-MAN |
| | ) | |
| Petitioner, | ) | OPINION AND ORDER DISMISSING |
| | ) | |
| v. | ) | PETITION FOR WRIT OF HABEAS CORPUS |
| | ) | |
| | ) | AND DENYING A CERTIFICATE OF |
| | ) | |
| JEFFREY BEARD, Warden, | ) | APPEALABILITY |
| | ) | |
| Respondent. | ) | |

## INTRODUCTION

On December 9, 2014, a habeas petition submitted by Petitioner, a California prisoner proceeding *pro se*, was formally filed in this district ("Petition"). On March 9, 2015, the parties consented to proceed before the undersigned United States Magistrate Judge (Docket Nos. 5, 8), and Respondent filed a Motion To Dismiss this action on the ground that the Petition is untimely ("Motion"). Respondent concurrently lodged pertinent portions of the state record ("Lodg.").

On March 10, 2015, the Court issued an Order setting a briefing schedule for the Motion ("March 10 Order"). In the March 10 Order, the Court advised Petitioner that if he wished to

invoke the equitable tolling doctrine, he must file a declaration with his Opposition setting forth, in detail and under penalty of perjury, the nature and duration of any claimed extraordinary circumstance(s) that prevented him from filing his Petition in a timely manner and the specific resulting consequence(s) that impeded his efforts to seek federal habeas relief on a timely basis. (Docket No. 12.)

On March 20, 2015, Petitioner filed an Opposition To Respondent's Motion To Dismiss And Request For Expedited Judgment ("Opposition"). On April 2, 2015, Respondent filed a Reply To Opposition ("Reply"). Briefing on the Motion is thus complete. The Court has reviewed the record and concludes that this action is untimely. Accordingly, Respondent's Motion is GRANTED and this action is dismissed with prejudice.

**PRIOR PROCEEDINGS**

On October 13, 2011, Petitioner pled guilty to violations of California Health and Safety Code § 11377(a) (possession of a controlled substance) and California Penal Code § 12021(a)(1) (possession of a firearm by a felon). (Lodg. No. 3, Exh. C at 2; Lodg. No. 1, Exh. B.) After pleading, Petitioner was given time to surrender, but a bench warrant was issued on November 22, 2011, when he failed to surrender as ordered. (Lodg. No. 3, Exh. C at 2.)

On December 13, 2011, Petitioner was arrested on new charges involving, *inter alia*, sale and transportation of a controlled substance (methamphetamine), driving under the influence, and cruelty to a child by endangering the child's health. (Lodg. No. 3, Exh. C at 2-3; *id.*, Exh. D at 3-4.) On February 15, 2012, pursuant to a plea agreement, Petitioner pled guilty to violations of Health and Safety Code § 11379 (sale and transportation of a controlled substance) and Penal Code § 12021.1(a)(1) (felony committed while released on bail or recognizance), and Petitioner admitted a prior conviction under Health and Safety Code § 11370.2(a). (Lodg. No.

3, Exh. D at 7; Lodg. No. 1, Exh. B.)

Pursuant to the plea agreement, the two-year sentence imposed on Petitioner's first case became an eight month sentence to run consecutively with Petitioner's sentence of eight years imposed in his second case, resulting in a total prison term of eight years and eight months. (Lodg. No. 3, Exh. C at 3.) Citing California's realignment statute, the trial court ordered Petitioner to serve his prison sentence in county jail. (Lodg. No. 3, Exh. D at 9; *see also id.*, Exh. C at 3.) However, the District Attorney subsequently learned that Petitioner was in fact "state prison qualified" by virtue of his violation of Penal Code § 12021(a)(1) (possession of a firearm by a felon). (*See* Lodg. No. 3, Exh. C at 3.) Accordingly, on March 8, 2012, the trial court held a hearing and resentenced Petitioner to a term of eight years and eight months to be served in state prison. (*Id.* at 8-9.)

Petitioner did not appeal. His sentence became final 60 days after his resentencing, on May 7, 2012. *See* Cal. R. Ct. 8.308(a). Thus, unless Petitioner demonstrates that he is entitled to an alternate commencement date under paragraphs (B) through (D) of 28 U.S.C. § 2244(d)(1), the AEDPA limitations period began to run on May 7, 2012. *See* Burton v. Stewart, 549 U.S. 147, 156 (2007) (the AEDPA limitations period "did not begin until both [the petitioner's] conviction *and* sentence 'became final'" (emphasis in original)).

On July 15, 2013, approximately 16 months after Petitioner's resentencing, Marilyn Fortes, the Correctional Case Records Manager in the California Department of Corrections' Legal Processing Unit, wrote a letter to the trial court identifying errors in the abstract of Petitioner's judgment. (Lodg. No. 1, Exh. A at 3.) Fortes stated that the abstract indicated Petitioner had received a sentencing enhancement pursuant to Health & Safety Code § 11370.1(a), but it failed to indicate the disposition for that enhancement. (*Id.*) In fact, Petitioner had not received any sentencing enhancement pursuant to Health & Safety Code § 11370.1(a). Rather, as reflected

3

in a subsequently issued corrected abstract, Petitioner's sentence was enhanced pursuant to Health & Safety Code § 11370.2(a). (*See* Lodg. No. 1, Exh. B.) Fortes also observed that the abstract indicated Petitioner had been sentenced to eight months -- one third of the middle term of two years -- for his violation of Penal Code § 12021(a)(1) (possession of a firearm by a felon) imposed concurrently with his sentence, but a sentence of one-third the middle term is unavailable for a sentence running concurrently. (*Id.*) Fortes stated that, to remedy this error, the trial court needed to amend the abstract to reflect either that Petitioner's eight month sentence was to run consecutively or that Petitioner had been sentenced to a concurrent full term of 16 months, two years, or three years. (*Id.*) On December 3, 2013, a corrected abstract of judgment ("December 3, 2013 abstract") was filed in the Los Angeles Superior Court and indicated that: (1) Petitioner's sentence was enhanced pursuant to Health & Safety Code § 11370.2(a), not Health & Safety Code § 11370.1(a); and (2) Petitioner was sentenced to the full lower term of 16 months for his violation of Penal Code § 12021(a)(1), which was to be served concurrently with his sentence of eight years and eight months. (Lodg. No. 1, Exh. B.)

In the summer of 2014, more than eight months after the December 3, 2013 abstract was filed, Petitioner began seeking state habeas relief on the grounds that: his sentence was longer than what was permitted by law and/or the terms of his plea agreement; and trial counsel was ineffective for failing to recognize this fact. (*See* Lodg. No. 1 Attach. at 1; *see also* Lodg. No. 3 Attach. at 2-3; Lodg. No. 5 Attach. At 1.) On July 18, 2014, the Los Angeles Superior Court received Petitioner's first state habeas petition, which contained a declaration bearing a July 11, 2014 signature date.[1] (Lodg. No. 1.) On August 19, 2014, the trial court denied habeas relief. (Lodg. No. 2.)

---

[1] "Under the 'mailbox rule,' a pro se prisoner's filing of a state habeas petition is deemed filed at the moment the prisoner delivers it to prison authorities for forwarding to the clerk of the court." Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003); *see also* Campbell v. Henry, 614 F.3d 1056, 1058-59 (9th Cir. 2010); Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts. For purposes of argument, the Court has treated the available signature dates on Petitioner's state and federal habeas petitions as the dates of "filing."

On or about August 24, 2014, Petitioner filed a habeas petition with the California Court of Appeal. (Lodg. No. 3.) On September 3, 2014, the California Court of Appeal denied relief. (Lodg No. 4.)

On or about September 12, 2014, Petitioner filed a habeas petition with the California Supreme Court. (Lodg. No. 5.) On November 12, 2014, the California Supreme Court denied relief summarily and without citation to authority. (Lodg. No. 6.)

On December 9, 2014, the instant Petition was filed in this Court.

**DISCUSSION**

I.  **The Governing Limitations Period In This Case**

Prisoners seeking habeas relief under Section 2254 are subject to a one-year time limit on the filing of petitions, which was adopted in 1996, to "advance the finality of criminal convictions." Mayle v. Felix, 545 U.S. 644, 662 (2005). The "statutory purpose" of the one-year limitations period is to "encourag[e] prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." Carey v. Saffold, 536 U.S. 214, 226 (2002); see also Welch v. Newland, 350 F.3d 1079, 1083 (9th Cir. 2003) (en banc).

The one-year limitations period is set forth in 28 U.S.C. § 2244(d)(1). This limitations period is subject to a statutory tolling provision, which suspends it for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001). Additionally, in certain "extraordinary circumstances" beyond a prisoner's control, equitable tolling may be available to toll the one-year limitations period. See Holland v. Florida, 560 U.S. 631, 645, 649 (2010).

The Section 2244(d)(1) limitations period is triggered and begins to run from the latest of: (A) the date on which the underlying judgment "became final through either the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which any impediment to the filing of a federal petition created by unconstitutional state action is removed; (C) the date on which a newly recognized and retroactively applicable constitutional right was first recognized by the United States Supreme Court; or (D) the date on which the factual predicate underlying a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). Section 2244(d)(1) contemplates four possible triggering dates for the accrual and commencement of a state prisoner's one-year limitations period. The Supreme Court has described these as follows:

> § 2244(d)(1) provides that a "1–year period of limitation shall apply to an application for a writ of habeas corpus." (Emphasis added.) The subsection then provides one means of calculating the limitation with regard to the "application" as a whole, § 2244(d)(1)(A) (date of final judgment), but three others that require claim-by-claim consideration, § 2244(d)(1)(B) (governmental interference); § 2244(d)(1)(C) (new right made retroactive); § 2244(d)(1)(D) (new factual predicate).

Pace v. DiGuglielmo, 544 U.S. 408, 416 n.6 (2005).

In most instances, a state prisoner's limitations period will be governed by Section 2244(d)(1)(A). *Cf.* Dodd v. United States, 545 U.S. 353, 357 (2005) (discussing a parallel limitations provision for 28 U.S.C. § 2255 motions and noting that the provision establishes the operative accrual date "[i]n most cases"). However, Petitioner contends that he is entitled to an alternate commencement date under Section 2244(d)(1)(D), *i.e.*, that the limitations period did not begin to run until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." (Opposition at

1.) Specifically, Petitioner asserts that, although he learned that his sentence was possibly illegal on July 15, 2013 -- the date of Fortes' letter to the trial court about errors in the abstract of Petitioner's judgment -- he was unable to discover the factual predicate for his claims until the the December 3, 2013 abstract was issued. (*Id.* at 1-2.)

Section 2244(d)(1)(D), by its terms, only applies when two predicates are met: (1) there is a delayed discovery of the facts giving rise to a claim; and (2) the delay is excusable, because the petitioner has exercised diligence. As the Ninth Circuit has made clear, the limitations period begins to run pursuant to Section 2244(d)(1)(D) "'when the prisoner knows (or through due diligence could discover) the important facts, not when the prisoner recognizes their legal significance.'" Hasan v. Galaza, 254 F.3d 1150, 1154 & n.3 (9th Cir. 2001) (citation omitted) (further observing that, once the petitioner was aware of the facts themselves, even if he did not understand their legal significance, the limitations "clock started ticking"). Here, Petitioner was both present and an active participant during his original sentencing hearing on February 15, 2012 (Lodg. No. 3 Exh. D at 9-11) and his resentencing hearing on March 8, 2012 (Lodg. No. 3 Exh. C at 5-10). At both hearings, Petitioner was sentenced to a term of eight months and eight years. Accordingly, he indisputably learned the length of his sentence, which is now the factual predicate for his claims, during those hearings.

Petitioner nevertheless waited until after he learned of the trial court's December 3, 2013 corrected abstract before he began pursuing habeas relief on the grounds that, *inter alia*, his sentence is longer than what is permitted by law and/or the terms of his plea agreement. (Opposition at 1-4.) Petitioner has not presented any rationale for his delay, other than his apparent hope that, based on Fortes' inquiry, the trial court would recognize the purported illegality of his sentence and shorten it. (*See generally id.*) However, the errors Fortes identified do not appear to be related to Petitioner's arguments about the length of his sentence (*compare* Lodg. No. 1 Exh. A at 3-4 (errors identified by Fortes) *with* Petition Attach. at 1-3 (Petitioner's arguments)) and did not impact the length of his sentence.

Accordingly, the Court finds that Petitioner discovered, or through reasonable diligence could have discovered, the factual predicate for his claims before his judgment became final on May 7, 2012.  Thus, the limitations period commenced running no later than May 7, 2012, and, absent statutory or equitable tolling, expired on May 7, 2013 -- over 14 months before Petitioner filed his first state habeas petition on or about July 11, 2014.

### II.     Statutory Tolling Is Not Available To Render The Petition Timely.

Section 2244(d)(2) suspends the limitations period not only for the time during which a "properly-filed" application for post-conviction relief is "pending" in state court but also, in appropriate circumstances, "during the intervals between the denial of a petition by one court and the filing of a new petition at the next level, if there is not undue delay." Biggs v. Terhune, 339 F.3d 1045, 1046 (9th Cir. 2003); *see also* Saffold, 536 U.S. at 218-27 (holding that, for purposes of California's "original" habeas petition system, "pending" covers the time between the denial of a petition in a lower court and the filing, "within a reasonable time," of a "further original state habeas petition in a higher court").  Here, however, the limitations period expired more than a year before Petitioner filed his first state habeas petition, and, as a result, Petitioner is not entitled to statutory tolling based on the filing and pendency of any of his state habeas petitions. *See* Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); *see also* Larsen v. Soto, 742 F.3d 1083, 1088 (9th Cir. 2013) (finding that the petition was facially untimely, because the petitioner did not file his state petition until after the limitations period expired).

### III.    The Equitable Tolling Doctrine Does Not Render The Petition Timely.

The one-year limitations period established by Section 2244(d) (1) may also be equitably

tolled in appropriate circumstances. Holland v. Florida, 560 U.S. 631, 645-49 (2010). However, application of the equitable tolling doctrine is the exception rather than the norm. *See, e.g.,* Waldron–Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) (characterizing the Ninth Circuit's "application of the doctrine" as "sparing" and a "rarity"); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) ("equitable tolling is unavailable in most cases"). A petitioner seeking application of the doctrine bears the burden of showing that it should apply to him. Pace, 544 U.S. at 418. Specifically, a habeas petitioner may receive equitable tolling only if he "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland, 560 U.S. at 645.

Petitioner has not suggested, and the record does not indicate, that some extraordinary circumstance prevented timely filing. (*See generally* Opposition.) Accordingly, he is not entitled to equitable tolling, and the Petition remains untimely.

### IV.    A Certificate Of Appealability Is Denied.

Under 28 U.S.C. § 2253(c)(1)(A), an appeal may not be taken from a "final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a state court" unless the appellant first obtains a certificate of appealability ("COA"). Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a COA is warranted in this case. *See* 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Where a procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that a petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

Slack, 529 U.S. at 484. Reasonable jurists would not find it debatable that the petition is untimely and should be dismissed with prejudice. Accordingly, the Court concludes that a COA is unwarranted. This is a final order, but it will not be appealable unless petitioner obtains a certificate of appealability from the United States Court of Appeals for the Ninth Circuit.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that: (1) Respondent's Motion To Dismiss is GRANTED; (2) the Petition is dismissed as untimely; (3) a certificate of appealability is DENIED; and (4) Judgment shall be entered dismissing this action with prejudice.

DATED: May 1, 2015

_Margaret A. Nagle_
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE